JUDGE HURD

ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT

MAGISTRATE JUDGE DiBIANCO

----------------------------------------------------------------- x

MATTHEW SHANNON, JOSEPHINE ALEXANDER,
HENRY A. FIEBIGER, SANDRA R. FIEBIGER,
A. PAUL HERUBIN and PATRICK GUBBINS

      Plaintiffs

  v.

DAVID JACOBOWITZ,
ONEIDA COUNTY BOARD OF ELECTIONS,
ANGELA PEDONE LONGO, as Commissioner of
Oneida County Board of Elections, PATRICIA ANN DISPIRITO,
as Commissioner of Oneida County Board of Elections.

      Defendants.

----------------------------------------------------------------- x

5:03-CV-1413

**COMPLAINT**

U. S. DISTRICT COURT
N. D. OF N. Y.
FILED
NOV 2 1 2003

AT _____ O'CLOCK ____ M
LAWRENCE K. BAERMAN, Clerk
UTICA

Plaintiffs MATTHEW SHANNON, JOSEPHINE ALEXANDER, HENRY A. FIEBIGER, SANDRA R. FIEBEGER, A. PAUL HERUBIN and PATRICK GUBBINS, by and through their attorney Brian L. Quail, Esq., allege the following as and for their Complaint:

### JURISDICTION AND VENUE

1. This is a Civil Action seeking relief, including declaratory and injunctive relief, to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought under the United States Constitution and pursuant to 42 U.S.C. Section 1983. The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331, 1334(3) and (4) and 2201. Plaintiffs request that this Court exercise pendent jurisdiction over those state constitutional claims arising out of the same facts as the federal claims.

2. Pursuant to 28 U.S.C. Section 1391 (b), venue is proper in the Northern District of New York because the events forming the basis of petitioner's Complaint occurred in that District.

## NATURE OF THE ACTION

3. The Oneida County Board of Elections has announced unofficial election results showing Matthew Shannon losing the November 4, 2003 general election to Defendant David Jacobowitz by twenty-five votes. This action arises out of election irregularities and improprieties at that election pursuant to which a voting machine did not record votes duly cast for Plaintiff Matthew Shannon, a candidate for Whitestown Supervisor, thus depriving him of the margin of victory, to wit: Though two-hundred and ninety-five (295) voters entered voting machine "A" in the fourteenth (14th) election district in the Town of Whitestown, Oneida County, said machine recorded only half of one vote for Matthew Shannon. The same voting machine registered between eighty-nine (89) and one-hundred and forty-eight (148) votes for the other Democratic candidates on the ballot. Upon information and belief, Mr. Shannon was deprived of approximately 134 votes due to the failure of the aforesaid voting machine to record such votes, and commensurately such voters were deprived of their right to vote. Despite this, the Oneida County Board of Elections is poised to declare that the loser (Mr. Jacobowitz) won and the winner (Mr. Shannon) lost the Whitestown Supervisor election. Being without any adequate remedy under state law, plaintiffs bring this action to vindicate the right to have one's vote cast and counted.

Plaintiffs request that this Court exercise pendent jurisdiction over those state law claims arising out of the same facts as the federal claims.

## PARTIES

4. Plaintiff MATTHEW SHANNON is a resident of the Town of Whitestown, County of Oneida, State of New York, and was a candidate for the office of Supervisor of the Town of Whitestown in the November 4, 2003 general election.

5. Plaintiffs JOSEPHINE ALEXANDER (17 Gilbert Road, Whitesboro, NY 13492), HENRY FIEBIGER (18 Woodburn Drive, Whitesboro, NY 13492), SANDRA R. FIEBIGER (18 Woodburn Drive, Whitesboro, NY 13492), A. PAUL HERUBIN (13 Woodburn Drive Whitesboro, NY 13492) and PATRICK GUBBINS (1 Harts Hill Circle, Whitesboro NY 13492) are duly registered voters in the 14th Election District of the Town of Whitestown, County of Oneida, State of New York who each duly cast a vote for MATTHEW SHANNON for Whitestown Supervisor on the Democratic line of voting machine "A" in said election district (machine number #118408), and whose votes on such line were neither recorded by said voting machine nor counted by the ONEIDA COUNTY BOARD OF ELECTIONS.

6. Defendant DAVID JACOBOWITZ is a resident of the Town of Whitestown, County of Oneida, State of New York, and was a candidate for the office of Supervisor of the Town of Whitestown in the November 4, 2003 general election.

7. Defendants ANGELA PEDONE LONGO and PATRICIA ANN DiSPIRITO constitue the Oneida County Board of Elections, as commissioners thereof.

8. Defendant ONEIDA COUNTY BOARD OF ELECTIONS ("BOARD OF ELECTIONS") is constituted pursuant to the Election Law of the State of New York and is charged with the responsibility for administering and certifying the results of all elections within Oneida County, New York.

## FACTS

9. On November 4, 2003 a general election was held between the hours of 6:00 AM and 9:00 PM during which voters in the Town of Whitestown voted for candidates for the office of Supervisor, among others.

10. The only candidates on the ballot for Whitestown Supervisor were MATTHEW SHANNON and DAVID JACOBOWITZ.

11. MATTHEW SHANNON appeared on the ballot as the candidate of the Democratic Party (Column 11, Row B), Independence Party (Column 11, Row C) and Conservative Party (Column 11, Row D).

12. DAVID JACOBOWITZ appeared on the ballot as the candidate of the Republican Party (Column 11, Row A) and the Working Families Party (Column 11, Row E).

13. After the close of polls, inspectors canvassed the voting machines in Election District 14. They recorded the following number of votes from the two voting machines in the election district as follows:

|  | Machine 2 | Machine 1 |
| --- | --- | --- |
| Public Counter | 268 | 295 |
| David Jacobowitz 11-A (Republican) | 107 (40.53%) | 122 (78.21%) |

| | | |
|---|---|---|
| Matthew J. Shannon 11-B (Democrat) | 119 (45.08%) | 1 (0.64%) |
| Matthew J. Shannon 11-C (Independence Party) | 12 (4.55%) | 16 (10.24%) |
| Matthew Shannon 11-D (Conservative Party) | 15 (5.68%) | 9 (5.77%) |
| David Jacobowitz 11-E (W-F Party) | 11 (4.17%) | 8 (5.13%) |

14. On the voting machine for which the inspectors of election recorded only one vote for MATTHEW SHANNON on the Democratic line, the BOARD OF ELECTIONS found 295 voters entered the voting machine, but only 156 votes were counted by the machine in the race for Town Supervisor, leaving 139 votes (forty-seven percent) unrecorded for any candidate in said race.

15. Voting Machine "A" (# 118408) in Election District 14 failed to record approximately 134 votes duly cast for MATTHEW SHANNON on the Democratic line, after accounting for a rate of non-participation equal to 1.5% which was the rate of non-participation recorded by Voting Machine "B" in said election district.

16. The BOARD OF ELECTIONS pursuant to New York State Election Law is responsible for the conduct, canvassing and certification of all general elections in its jurisdiction, and pursuant to that authority conducted the election held in the Town of Whitestown on November 4, 2003.

17. After counting all of the votes recorded by voting machines and all valid absentee, emergency and affidavit ballots, Defendant BOARD OF ELECTIONS released unofficial results showing that Defendant DAVID JACOBOWITZ had won the election by

twenty-five (25) votes, having received 2,936 votes, and Plaintiff MATTHEW SHANNON having received only 2,911 votes.

18. The BOARD OF ELECTIONS refused to adjust the canvass sheets for Whitestown Election District 14 to reflect the votes duly cast but not counted by the aforesaid voting machine for MATTHEW SHANNON on the Democratic line.

19. The BOARD OF ELECTIONS by the foregoing has deprived MATTHEW SHANNON of 134 votes, or in any event a sufficient number of votes to make him the winner of the election for Whitestown Supervisor.

20. The BOARD OF ELECTIONS deprived 134 voters (including Plaintiffs JOSEPHINE ALEXANDER, HENRY A. FIEBIGER, SANDRA R. FIEBIGER, A. PAUL HERUBIN and PATRICK GUBBINS) or a sufficient number of voters whose votes for MATTHEW SHANNON would make him the winner of the election for Whitestown Supervisor, of their fundamental right to have their votes cast and counted.

21. DAVID JACOBOWITZ has sought and desires to be certified as the winner of the aforesaid election for Whitestown Supervisor even though he in fact received fewer votes than MATTHEW SHANNON. Absent relief from this Court, the BOARD OF ELECTIONS will imminently certify DAVID JACOBOWITZ as the victor in the November 4, 2003 election for Whitestown Supervisor.

22. Examination of the aforesaid voting machine may reveal impropriety or tampering on the part of one or more the Defendants or their agents which resulted in the failure of said voting machine to record votes on the Democratic line for MATTHEW SHANNON.

23. New York State Law, as construed by the courts of that state, provides no adequate remedy through which the Plaintiffs in a general election, as opposed to a primary election, can remedy the infringement upon their right to vote.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF PURSUANT TO THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

24. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 23 herein.

25. The Defendant BOARD OF ELECTIONS, by failing to provide proper and adequate access to balloting processes, and by failing to duly record and count votes duly cast for MATTHEW SHANNON by the other plaintiffs herein and all others similarly situated has denied such plaintiffs of the fundamental right to vote and the right to have one's vote counted.

26. By reason of the foregoing actions, and because state law provides no avenue by which plaintiffs can prevent DAVID JACOBOWITZ from usurping the office of Whitestown Supervisor, the BOARD OF ELECTIONS deprived the plaintiffs and all other similarly situated of their rights secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

27. Accordingly, the Court should declare MATTHEW SHANNON as the victor in the Whitestown Supervisor election held on November 4, 2003, or alternatively order

the conducting of a new election, and issue an injunction preventing DAVID JACOBOWITZ from assuming the office of Whitestown Supervisor.

28. Plaintiffs have no adequate remedy at law.

### SECOND CLAIM FOR RELIEF PURSUANT TO THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

29. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 28 herein.

30. The Defendant BOARD OF ELECTIONS, by failing to provide proper and adequate access to balloting processes, and by failing to duly record and count votes duly cast for MATTHEW SHANNON by the other plaintiffs herein and all others similarly situated has denied such plaintiffs of the fundamental right to vote and the right to have one's vote counted.

31. By reason of the foregoing actions, and because state law provides no avenue by which plaintiffs can prevent DAVID JACOBOWITZ from usurping the office of Whitestown Supervisor, the BOARD OF ELECTIONS deprived the plaintiffs and all other similarly situated of their rights secured by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

32. Accordingly, the Court should declare MATTHEW SHANNON as the victor in the Whitestown Supervisor election held on November 4, 2003, or alternatively order the conducting of a new election, and issue an injunction preventing DAVID JACOBOWITZ from assuming the office of Whitestown Supervisor.

33. Plaintiffs have no adequate remedy at law.

THIRD CLAIM FOR RELIEF PURSUANT
TO ARTICLE ONE, SECTION ONE OF THE
NEW YORK STATE CONSTITUTION

34. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 33 herein.

35. The Defendant BOARD OF ELECTIONS, by failing to provide proper and adequate access to balloting processes, and by failing to duly record and count votes duly cast for MATTHEW SHANNON by the other plaintiffs herein and all others similarly situated has denied such plaintiffs of the fundamental right to vote and the right to have one's vote counted.

36. By reason of the foregoing actions, the BOARD OF ELECTIONS deprived the plaintiffs and all other similarly situated of their right to exercise the right to vote secured by Article One, Section One of the New York Constitution.

37. Accordingly, the Court should declare MATTHEW SHANNON as the victor in the Whitestown Supervisor election held on November 4, 2003, or alternatively order the conducting of a new election, and issue an injunction preventing DAVID JACOBOWITZ from assuming the office of Whitestown Supervisor.

38. Plaintiffs have no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF PURSUANT TO ARTICLE TWO, SECTION ONE OF THE NEW YORK STATE CONSTITUTION

39. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 38 herein.

40. The Defendant BOARD OF ELECTIONS, by failing to provide proper and adequate access to balloting processes, and by failing to duly record and count votes duly cast for MATTHEW SHANNON by the other plaintiffs herein and all others similarly situated has denied such plaintiffs of the fundamental right to vote and the right to have one's vote counted.

41. By reason of the foregoing actions, the BOARD OF ELECTIONS deprived the plaintiffs and all other similarly situated of their right to vote secured by Article Two Section One the New York State Constitution.

42. Accordingly, the Court should declare MATTHEW SHANNON as the victor in the Whitestown Supervisor election held on November 4, 2003, or alternatively order the conducting of a new election, and issue an injunction preventing DAVID JACOBOWITZ from assuming the office of Whitestown Supervisor.

43. Plaintiffs have no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF PURSUANT 42 U.S.C. Section 1983

44. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 43 herein.

45. As a result of foregoing conduct, plaintiffs' fundamental civil rights under the Fourteenth Amendment to the United States Constitution were violated under color of state law in contravention of 42 U.S.C. Section 1983.

46. Accordingly, the Court should declare MATTHEW SHANNON as the victor in the Whitestown Supervisor election held on November 4, 2003, or alternatively order the conducting of a new election, and issue an injunction preventing DAVID JACOBOWITZ from assuming the office of Whitestown Supervisor.

47. Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that this court grant the following relief:

1. As to the first claim, a declaration that the plaintiffs' and those similarly situated were deprived of their rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and that MATTHEW SHANNON be declared the victor of the Whitestown Supervisor Election, or that a new election be ordered, and an injunction issue preventing DAVID JACOBOWITZ from assuming the office of Whitestown Supervisor.

2. As to the second claim, a declaration that the plaintiffs' and those similarly situated were deprived of their rights under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and that MATTHEW SHANNON be declared the victor of the Whitestown Supervisor Election, or that a new election be ordered, and

an injunction issue preventing DAVID JACOBOWITZ from assuming the office of Whitestown Supervisor.

3. As to the third claim, a declaration that the plaintiffs' and those similarly situated were deprived of their rights under Article One Section One of the New York State Constitution, and that MATTHEW SHANNON be declared the victor of the Whitestown Supervisor Election, or that a new election be ordered, and an injunction issue preventing DAVID JACOBOWITZ from assuming the office of Whitestown Supervisor.

4. As to the fourth claim, a declaration that the plaintiffs' and those similarly situated were deprived of their rights under Article Two Section One of the New York State Constitution, and that MATTHEW SHANNON be declared the victor of the Whitestown Supervisor Election, or that a new election be ordered, and an injunction issue preventing DAVID JACOBOWITZ from assuming the office of Whitestown Supervisor.

5. As to the fifth claim, a declaration that the civil rights of the plaintiffs and all others similarly situated in contravention of 42 U.S.C. 1983 were violated and that MATTHEW SHANNON be decalred the victor of the Whitestown Supervisor Election, or that a new election be ordered, and an injunction issue preventing DAVID JACOBOWITZ from assuming the office of Whitestown Supervisor.

6. An award to plaintiffs for their costs and disbursements and reasonable attorneys' fees pursuant to 42 U.S.C. Section 1983 and 1988, and

7. Such other and further relief as this Court may deem just and proper.

DATED:        November 21, 2003

*[signature: Brian Quail]*
Attorney For Plaintiffs
Brian L. Quail, Esq.
BAR CODE (N.D.N.Y.) 510786
1376 Belmont Avenue
Schenectady, New York 12308
(518) 388-9988